# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THOMAS G. MOODY,**

    **Petitioner,**

    v.

    **CASE NO. 2:09-CV-118**
    **JUDGE FROST**
    **MAGISTRATE JUDGE KING**

**WARDEN, SOUTHERN OHIO**
**CORRECTIONAL FACILITY,**

    **Respondent**.

## OPINION AND ORDER

On April 17, 2009, the Magistrate Judge issued a *Report and Recommendation*, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as untimely. Petitioner has filed objections to the Magistrate Judge's recommendations. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner contends that this action is timely under 28 U.S.C. 2244(d)(1)(B) because the income available to him as a prisoner was insufficient to pay the fines and other expenses associated with his criminal conviction and prison officials refused to mail legal documents without sufficient funds in his account to cover the costs of mailing.

Petitioner's argument is not persuasive. 28 U.S.C. § 2244(d)(1)(B) provides that the one-year statute of limitations may run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

> Section 2244(d)(1)(B) governs cases where a State has taken action to create an impediment that prevents a state prisoner from filing a 28 U.S.C. §2254 habeas petition. The State action creating the impediment must be in violation of the Constitution or laws of the United States.

*Alexander v. Metrish*, 2007 WL 542010 (W.D. Michigan February 16, 2007).

> "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir.2003). Specifically, "'[s]ection 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition."' *Winkfield v. Bagley,* 66 Fed. Appx. 578, 583 (6th Cir.2003) (quoting *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass.2001).

*Butler v. Davis*, 2006 WL 950263 (E.D. Michigan April 10, 2006). Nothing in the record reflects that the State of Ohio acted in violation of the Constitution or laws of the United States. It therefore cannot be said that constitutional misconduct on the part of the State of Ohio prevented petitioner from timely filing his habeas corpus action.

The record likewise fails to demonstrate that equitable tolling of the statute of limitations is appropriate. "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002);

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving … where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *see also King v. Bell,* 378 F.3d 550, 552 (6th Cir. 2004), quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Here, none of these factors favor tolling. Nothing in the record demonstrates

petitioner lacked notice or constructive knowledge of the one-year filing requirement for habeas corpus petitions, nor would it have been reasonable for him to have remained ignorant of the one-year statute of limitations for filing federal habeas corpus petitions for the time period at issue. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218, 2003 WL 21259699 (6th Cir. May 28, 2003). Further, the record fails to reflect that petitioner exercised due diligence in pursuing his rights. The statute of limitations expired in this case on October 14, 2004. Petitioner waited until August 2006 to file a state post conviction petition and he waited until January 22, 2009, to file the federal habeas corpus petition. The record is without support for petitioner's contention that he was unable to file a timely habeas corpus petition for this length of time due to inadequate funds in his prison account. Finally, the respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

4

Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT.**

      /s/   Gregory L. Frost
GREGORY L. FROST
United States District Judge