**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**THOMAS G. MOODY,**

        **Petitioner,**

  vs.                                       **Civil Action 2:09-CV-118
                                                      Judge Frost
                                                      Magistrate Judge King**

**MICHAEL R. JAKUBOW,**

        **Respondent.**

**OPINION AND ORDER**

On May 25, 2011, the United States Magistrate Judge recommended that petitioner's motion for relief from judgment, filed pursuant to Fed. R. Civ. P. 60, be denied.  *Report and Recommendation*, Doc. No. 29.  This matter is now before the Court on petitioner's objection to that recommendation.  *Objection,* Doc. No. 31.  The Court will consider the matter *de novo*.  *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

Final judgment dismissing this habeas corpus action as untimely was entered more than two years ago, on May 11, 2009.  Petitioner's application for a certificate of appealability was denied by this Court and by the United States Court of Appeals for the Sixth Circuit and his request for leave to file a successive petition was likewise denied.  *See Order*, Doc. No. 25; *Order*, Doc. No. 26; *Order,* Doc. No. 27.  In denying petitioner's motion for relief from judgment pursuant to Rule 60, the Magistrate Judge construed the motion as a mis-guided effort on petitioner's part to attack, once again, his state court criminal conviction:

> Petitioner has misapprehended Rule 60(b)(4) of the Federal Rules of Civil Procedure.  The rule permits relief from a void federal judgment;  it

> does not provide an independent basis for a federal challenge to a state court criminal conviction. Petitioner presents no basis for concluding that this Court's May 11, 2009 judgment was void. Rule 60 of the Federal Rules of Civil Procedure therefore affords no basis for vacating that judgment.

*Report and Recommendation*, p. 2.

In his objection, petitioner persists in his argument that Rule 60 of the Federal Rules of Civil Procedure provides a basis for vacating his state court conviction:

> . . . [W]hen the court relied on the one (1) year time limit as the basis to deny Petitioner's Habeas Corpus Petition on May 11, 2009 as time barred, this Court's judgment stemmed from the void judgment(s) of the trial court, to the Appeals Court, on to the Supreme Court of Ohio. Whereby through extension the original void judgment of the trial court was sustained at each progressive level of the criminal process . . . to the date of the filing of the Habeas Corpus Petition in the instance case.

*Objection*, p.2. This Court agrees with the Magistrate Judge that federal Rule 60 simply does not provide the relief sought by petitioner.

Petitioner's objection is therefore **DENIED**. The *Report and Recommendation*, Doc. No. 29, is therefore **ADOPTED and AFFIRMED**. Petitioner's motion for relief from judgment, Doc. No. 28, is **DENIED**.

      /s/   Gregory L. Frost
          Gregory L. Frost
   United States District Judge