IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS G. MOODY,

    Petitioner,

    v.

MICHAEL R. JAKUBOW,

    Respondent.

Case No. 2:09-cv-118
JUDGE JAMES L. GRAHAM
Magistrate Judge King

## OPINION AND ORDER

Petitioner instituted this action for a writ of habeas corpus on January 22, 2009. *Complaint* (ECF No. 1).[1] On May 11, 2009, the action was dismissed as time-barred under the provisions of 28 U.S.C. § 2244(d). *Judgment* (ECF No. 22). Petitioner's application for a certificate of appealability was denied by this Court, *Order* (ECF No. 25), and by the United States Court of Appeals for the Sixth Circuit, *Moody v. Jakubow*, No. 09-3746 (6th Cir. Nov. 18, 2009). The Court of Appeals also denied Petitioner's subsequent request for leave to file a successive petition. *In re: Thomas G. Moody*, No. 09-4478 (6th Cir. June 28, 2010). On June 10, 2011, this Court denied Petitioner's *Motion for Relief from Judgment* (ECF No. 28). *Order* (ECF No. 32). On June 28, 2011, this Court denied Petitioner's *Motion for Default Judgment* (ECF No. 35). Order (ECF No. 36). This matter is now before the Court on Petitioner's December 21, 2017, motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. *The Instant Motion Pursuant: FRCP 60(b)(4): Sec. 13.16* (ECF No. 37) [sic] ("*Motion for Relief from Judgment*"). For the reasons that follow, the *Motion for Relief from Judgment* is **DENIED.**

---

[1] This Court construed the action as presenting a challenge to Petitioner's state court criminal conviction, *Order* (ECF No. 7), and directed Petitioner to file a petition under 28 U.S.C. § 2254. *Id*. On April 7, 2009, Petitioner filed the *Petition* (ECF No. 17).

Rule 60(b)(4) of the Federal Rules of Civil Procedure authorizes relief from a final judgment where "the judgment is void." In the *Motion for Relief from Judgment*, Petitioner argues that his convictions as an aider and abettor to murder and felonious assault constitute plain error, that the trial court lacked jurisdiction, and that his convictions violate the Double Jeopardy Clause. He contends that the judgment against him is therefore illegal and void.[2] Petitioner appears to seek reconsideration of the dismissal of his habeas corpus petition on this basis.

As an initial matter, the *Motion for Relief from Judgment* is untimely. A motion under Rule 60(b)(4) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Final judgment dismissing this action was entered on May 11, 2009, and yet Petitioner waited more than 8 years before filing the *Motion for Relief from Judgment*. *See, e.g., Settle v. Bell*, No. 06-1092-JDT-egb, 2017 WL 1058365, at *2 (W.D. Tenn., March 20, 2017) (motion for reconsideration filed in habeas action more than six years after final judgment had been entered was not filed within a reasonable time). Moreover, Petitioner has offered no basis warranting relief from the dismissal of this action as time-barred and the record reflects no basis for concluding that the May 11, 2009, *Judgment* is void.

Under these circumstances, Petitioner's *Motion for Relief from Judgment* (ECF No. 37) is **DENIED.**

**IT IS SO ORDERED**.

Date: January 4, 2018                       _____s/James L. Graham_____
                                                              JAMES L. GRAHAM
                                                              United States District Judge

---

[2] Petitioner made similar arguments in his prior *Motion for Relief from Judgment* (ECF No. 28).